UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH M. CARMACK,

        Plaintiff,

v.

        Case Number 14-12909
        Honorable David M. Lawson

GREEN TREE SERVICING, LLC and
LANDMARK ASSET RECEIVABLES
MANAGEMENT, LLC,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT

This matter is before the Court on the plaintiff's motion to amend his complaint. The Court has reviewed the pleadings and motion papers and finds that the papers adequately set forth the relevant facts and law and oral argument will not aid in the disposition of the motion. Therefore, it is **ORDERED** that the motion be decided on the papers submitted. See E.D. Mich. LR 7.1(f)(2). The hearing previously scheduled for February 2, 2015 is **CANCELLED**. For the reasons discussed below, the Court will grant the plaintiff's motion to amend his complaint.

Under Federal Rule of Civil Procedure 15(a), a party may amend a complaint at this stage of the proceedings only after obtaining leave of court. Although the Rule provides that "leave of court shall be freely granted when justice so requires," leave may be denied on the basis of undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed amendments, futility of the proposed new claim, or undue prejudice to the opposite party. *Forman v. Davis,* 371 U.S. 178, 182 (1962); *Duggins v. Steak & Shake, Inc.,* 195 F.3d 828, 834 (6th Cir. 1999); *Fisher v. Roberts,* 125 F.3d 974, 977 (6th Cir. 1997). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted."

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-459 (6th Cir. 2001). The Rule does not establish a deadline within which a party must file a motion seeking leave to amend. *See Lloyd v. United Liquors Corp.*, 203 F.2d 789, 793 (6th Cir. 1953).

The plaintiff seeks leave to file an amended complaint to add claims under the Fair Debt Collection Practices Act (FDCPA) and Michigan Regulation of Collection Practices Act (MRCPA). The defendants oppose the motion because it is beyond the deadline established by the parties' joint discovery plan and the Court's Case Management and Scheduling Order. Although the defendants are correct, delay alone does not justify denial of a motion brought pursuant to Rule 15(a). *See Security Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995).

Further, the defendants contend that the amendment is in bad faith because the plaintiff knew the facts on which the new claims sought to be added were based at the time the original pleading was filed. "Courts are especially inclined to deny a motion brought under Rule 15 'if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them.'" *Kienzle v. General Motors, LLC*, 2013 WL 511397, at *4 (E.D. Mich. 2013) (quoting 6 Charles Alan Wright et al., Federal Practice and Procedure § 1487 (2d ed. 1990)). However, this is not a situation where the plaintiff sought leave to amend on the eve of trial or following the completion of significant discovery or rulings on dispositive motions. Rather, the plaintiff filed his motion before any significant activity in this case. Moreover, there is no evidence that granting leave to amend would result in substantial prejudice to the defendants or deprive them of notice. The Court therefore will grant the plaintiff's motion to amend his complaint in accordance with "'the principle that cases should be tried on their merits rather than on the technicalities of pleading.'" *Fisher*, 125 F.3d at

977-78 (citations omitted); *see also Forman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

Accordingly, it is **ORDERED** that the plaintiff's motion to amend his complaint [dkt. #17] is **GRANTED.**

It is further **ORDERED** that the hearing previously scheduled for February 2, 2015 is **CANCELLED.**

It is further **ORDERED** that the plaintiff's amended complaint [dkt. #17-1] is deemed **FILED.**

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: January 26, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 26, 2015.

                                    s/Susan Pinkowski  
                                    SUSAN PINKOWSKI